FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 30, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TEMIRA PAULSON and MATTHEW PAULSON,<br><br>　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>HIGHSTREET INSURANCE PARTNERS, INC.; SIMMONS AGENCY d/b/a/ Highstreet Insurance & Financial Services West<br><br>　　　　　Defendants. | No. 2:25-cv-00061-RLP<br><br>ORDER DENYING STIPULATED PROTECTIVE ORDER |

　　　Before the Court is the parties' Stipulated Protective Order, ECF No. 14. The parties seek a protective order to protect confidential material including: (a) names and any identifying information for policyholders who are not party to this litigation; (b) financial information; (c) proprietary underwriting materials; (d) claims analyses and loss reports; (e) proprietary agency evaluations; and (f) any

ORDER GRANTING STIPULATED PROTECTIVE ORDER
IN PART AND DENYING IN PART ~ 1

other information to be requested in discovery that the producing party has maintained as confidential and proprietary in the normal course of its business.

     The Court declines to sign off on the parties' agreed protective order, as it is too broad. There is a strong presumption in favor of access to court records. *In re Midland Nat. Life Ins. Co. Annuity Sales Pracs. Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012). Even when parties agree to protective measures for discovery materials, courts generally favor allowing access to such materials by individuals involved in related litigation, as this promotes judicial economy. *Cordero v. Stemilt AG Servs.*, 142 F.4th 1201, 1207 (9th Cir. 2025) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003)).

     Under Fed. R. Civ. P. 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The party seeking a protective order has the burden of establishing good cause and must show prejudice "for each particular document it seeks to protect." *Foltz*, 331 F.3d at 1130. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). The requirement to demonstrate good cause cannot be waived, and remains even where the parties stipulate to the order. *San Jose Mercury News, Inc. v. U.S. Dist. Ct.--N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999).

ORDER GRANTING STIPULATED PROTECTIVE ORDER
IN PART AND DENYING IN PART ~ 2

The Court denies the parties' request for a protective order without prejudice. The parties are free to file an amended motion that takes into account the foregoing authorities.

ACCORDINGLY, IT IS ORDERED that the parties' Stipulated Protective Order, **ECF No. 14**, is **DENIED**. The Clerk shall enter this Order and forward copies to counsel

**DATED** October 30, 2025.

REBECCA L. PENNELL
United States District Judge