FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 30, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TEMIRA PAULSON and MATTHEW PAULSON,<br><br>    Plaintiffs,<br><br>    v.<br><br>HIGHSTREET INSURANCE PARTNERS, INC.; and SIMMONS AGENCY d/b/a/ Highstreet Insurance & Financial Services West<br><br>    Defendants. | No. 2:25-cv-00061-RLP<br><br>ORDER GRANTING MOTIONS FOR PROTECTIVE ORDER AND TO EXPEDITE |

Before the Court is Defendants Highstreet Insurance Partners Inc. and Simmons Agency d/b/a Highstreet Insurance & Financial Services West's Stipulated Protective Order, ECF No. 27, and related Motion to Expedite, ECF No. 26. Defendants seeks a protective order to protect confidential material including:

>  (a) Defendants' overall net worth, current and projected financial condition; (b) Defendants' financial balance sheets, income statements, federal tax returns, profit and loss statements, cash flow statements, and schedules of general administrative expenses from 2022 to the present; (c) commission statements reflecting policyholder names, information concerning the policies sold to those policyholders, and commissions and costs associated with such policies; and (d) personnel files, including employment contracts, for persons not parties to this lawsuit.

ORDER GRANTING MOTIONS FOR PROTECTIVE ORDER AND TO EXPEDITE~ 1

Discoverable information is "presumptively public." *Fierro Cordero v. Stemilt AG Services LLC*, 142 F.4th 1201, 1207 (9th Cir. 2025), quoting *San Jose Mercury News, Inc. v. U.S. Dist. Ct.-N. Dist. (San Jose),* 187 F.3d 1096, 1103 (9th Cir. 1999). Nevertheless, in order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," the Court can issue a protective order, restricting the public dissemination of discovery materials. FRCP 26(c)(1). A party seeking a protective order has the burden of establishing good cause in the form of good cause that would arise from public disclosure. *Fierro Cordero,* 142 F.4th at 1207. If the Court finds a party has satisfied this initial burden, the Court must balance the public and private interests and determine whether less restrictive alternatives, such as redaction, can ameliorate concerns of harm. *In re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 425 (9th Cir. 2011).

The Court finds that Defendants have met this threshold. As to Highstreet's financials, Mr. Campbell, the president of the Pacific Northwest Branch of Highstreet has submitted a declaration explaining the competitive nature of insurance brokerage, and how proprietary financial information of the type sought "forms the foundation of a brokerage's competitive position." ECF No. 29, ¶¶3-4. Should disclosure of this information occur, competitors would gain insight into Highstreet's business strategy and operation, enabling them to match or beat

ORDER GRANTING MOTIONS FOR PROTECTIVE ORDER AND TO EXPEDITE~ 2

Highstreet's offerings, thereby putting Highstreet at a competitive disadvantage.

The remaining categories concern policy holder information and personnel files. Personnel information is often sensitive and must be handled with care. *See Reagan-Touhy v. Walgreen Co.* 526 F.3d 641 (10th Cir. 2008). Particularly because of the potential for dissemination over the internet, public access to personal information of policy holders and non-party employees can subject them to identity theft, harassment, or malicious disinformation. Given the nature of this case, there is no public interest in information about policyholder information and non-party personnel files and would cause unnecessary risk to non-parties.

ACCORDINGLY, IT IS HEREBY ORDERED:

1. Defendant's Motion for Protective Order, **ECF No. 27**, is **GRANTED**.
2. Defendant's Motion to Expedite, **ECF No. 26**, is **GRANTED.**
3. Defendant's Protective Order, **ECF No. 27-1**, is **ADOPTED** as set forth below.

**PROTECTIVE ORDER**

1. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action involves production of confidential, proprietary, or private information for which special protection may be warranted. The foregoing agreement filed on behalf of Defendants Highstreet Insurance Partners, Inc. and Simmons Agency d/b/a Highstreet Insurance & Financial Services West and

ORDER GRANTING MOTIONS FOR PROTECTIVE ORDER AND TO EXPEDITE~ 3

Plaintiffs Temira Paulson and Matthew Paulson is consistent with Federal Rule of Civil Procedure 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

Accordingly, Court finds good cause for, entry of this Stipulated Protective Order pursuant to Fed. R. Civ. P. 26(c).

2. CONFIDENTIAL MATERIAL

"Confidential" material shall include information, documents and tangible things produced or otherwise exchanged on the following topics:

(a) Defendants' overall net worth, current and projected financial condition; (b) Defendants' financial balance sheets, income statements, federal tax returns, profit and loss statements, cash flow statements, and schedules of general administrative expenses from 2022 to the present; (c) commission statements reflecting policyholder names, information concerning the policies sold to those policyholders, and commissions and costs associated with such policies; and (d) personnel files, including employment contracts, for persons not parties to this lawsuit.

3. SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by

parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4. <u>ACCESS TO AND USE OF CONFIDENTIAL MATERIAL</u>

4.1. <u>Basic Principles.</u> A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a)    the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation,

unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

    (c)   experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (d)   the court, court personnel, and court reporters and their staff;

    (e)   copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

    (f)   during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

    (g)   the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

ORDER GRANTING MOTIONS FOR PROTECTIVE ORDER AND TO EXPEDITE~ 6

5.  DESIGNATING PROTECTED MATERIAL

    5.1    <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

    If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

    5.2    <u>Manner and Timing of Designations.</u> Except as otherwise provided in this agreement (*see, e.g.*, second paragraph of section 5.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for

protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

    (a)    <u>Information in documentary form</u>: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

    (b)    <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

    (c)    <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or

ORDER GRANTING MOTIONS FOR PROTECTIVE ORDER AND TO EXPEDITE~ 8

item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

      5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6. <u>TREATMENT OF CONFIDENTIAL MATERIAL</u>

      6.1    <u>Written Submissions</u>. In any judicial proceeding in which the confidential information may become part of a written submission to the Court, the party making the submission will provide reasonable notice of the submission to the opposing counsel so that the parties may confer regarding removing the designation, redacting the document, or so that opposing counsel can seek, if necessary, an order from the Court protecting the confidentiality of the document—including an order that the document be redacted or filed under seal—subject to the Court's review on a document-by-document basis.

      6.2    <u>Information under Seal</u>. If confidential testimony is filed under seal, the entire filing or submission containing the confidential information shall be

made under seal.

      6.3    <u>Public Disclosures</u>. Except as provided herein, no party having access to confidential information shall make public disclosures of that material without further order of this Court. Information designated as confidential shall be held in the strictest confidence and maintained securely.

      6.4    <u>Disclosure by Party</u>. If a party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized by this Order, that party must immediately: (a) notify the other party in writing of the unauthorized disclosure; (b) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; (c) use best efforts to retrieve all copies of the confidential material; and (d) request that such person to which information was disclosed execute the Acknowledgment and Agreement to Be Bound (Exhibit A).

7. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

      7.1    <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a

ORDER GRANTING MOTIONS FOR PROTECTIVE ORDER AND TO EXPEDITE~ 10

confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

      7.2    <u>Meet and Confer.</u> The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected party in an effort to resolve the dispute without court action, pursuant to FRCP 26(c). The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

      7.3    <u>Judicial Intervention.</u> If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7. The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

8.    <u>INADVERTANT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL.</u>

ORDER GRANTING MOTIONS FOR PROTECTIVE ORDER AND TO EXPEDITE~ 11

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

9. <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

ORDER GRANTING MOTIONS FOR PROTECTIVE ORDER AND TO EXPEDITE~ 12

The Clerk shall enter this Order and forward copies to counsel

**DATED** December 30, 2025.

REBECCA L. PENNELL
United States District Judge

ORDER GRANTING MOTIONS FOR PROTECTIVE ORDER AND TO EXPEDITE~ 13

EXHIBIT A

AKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of Washington on _____ in the case of *Paulson v. Highstreet Insurance Partners, Inc., et al.*, Case No. 2:25-cv-0061-RLP. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

   I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

ORDER GRANTING MOTIONS FOR PROTECTIVE ORDER AND TO EXPEDITE~ 14